IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                            1:24-cv-00206-JMR-KK

2021 CHEVROLET CORVETTE STINGRAY
VIN: 1G1YC2D49M5101963,

      Defendant-in-rem.

**ORDER DENYING MOTION FOR**
**DEFAULT JUDGMENT WITHOUT PREJUDICE**

THIS MATTER comes before the Court on the United States' Motion for Default Judgment. Doc. 14. Having reviewed the motion and the relevant law, the Court hereby denies the motion for default judgment without prejudice. The Court is concerned that potential claimant Jose Romero has not been served in compliance with the minimum due process requirements.

Rule G(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions requires the government to "send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant." That "notice must be sent by means reasonably calculated to reach the potential claimant." FED. R. CIV. P. G(b)(iii)(A). The United States Constitution further requires that notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United States v. Rodgers*, 108 F.3d 1247, 1250 (10th Cir. 1997) (quoting *United States v. 51 Pieces of Real Property, Roswell, N.M.*, 17 F.3d 1306, 1316 (10th Cir. 1994)). That being said, "due process does not require that the

interested party actually receive the notice." *United States v. Clark*, 84 F.3d 378, 380 (10th Cir. 1996) (citing *51 Pieces of Real Property, Roswell, N.M.*, 17 F.3d at 1316).

If the potential claimant is incarcerated, the notice "must be sent to the place of incarceration." FED. R. CIV. P. G(b)(iii)(C). "Under most circumstances, notice sent by ordinary mail is sufficient to discharge the government's due process obligations." *Armendariz-Mata v. U.S. Dep't of Justice, Drug Enforcement Admin.*, 82 F.3d 679, 683 (5th Cir. 1996) (citation omitted). However, when the government sends notice to a potential claimant in jail and the mailing is returned undelivered, "[i]t is unreasonable for [the government] to ignore information that reveals that a method of notice is inadequate to provide an interested party with notice." *Id.* "A reasonable person presented with a letter that has been returned to sender will ordinarily attempt to resend it if it is practicable to do so. . . ." *Small v. United States*, 136 F.3d 1334, 1337 (D.D.C. 1998) (holding that notice was inadequate when the jail returned mailed notice as undeliverable and the sender made no further inquiry). Without adequate notice, a forfeiture is void. *United States v. Clymore*, 245 F.3d 1195, 1202 (10th Cir. 2001) (citation omitted).

Here, the United States properly attempted to serve potential claimant Mr. Romero via mail to his place of incarceration—the Bernalillo County Metropolitan Detention Center, 100 Deputy Dean Miera Drive SW, Albuquerque, NM 87151. Doc. 9; *see also* FED. R. CIV. P. G(b)(iii)(C). The mailing was returned to sender with the handwritten note: "Inmate refused this letter." Doc. 9. This note was not signed. There is no accompanying affidavit. The record does not indicate who wrote this note. The Court has no information surrounding the circumstances of Mr. Romero's alleged refusal. The record also does not show that the government made any further inquiry into Mr. Romero's refusal or that the government made any additional attempts to serve him.

Given the limited information, the Court cannot say that Mr. Romero has been served in compliance with the minimum due process requirements of the United States Constitution. *See Rodgers*, 108 F.3d at 1250. Mr. Romero's case does notably differ from both *Armendariz-Mata* and *Small*—where courts held that notice was inadequate when mail was returned undelivered from an institution and the government made no further attempts at service—because the government alleges here that Mr. Romero affirmatively refused the notice. However, the lack of information surrounding Mr. Romero's alleged refusal raises some doubt as to whether Mr. Romero has received adequate notice. Further, the burden on the government to re-send the mailing to Mr. Romero is minimal. It is in both the government's and Mr. Romero's best interest that Mr. Romero receive adequate notice of the forfeiture, lest the forfeiture risk being found void. *Clymore*, 245 F.3d at 1202.

The Court hereby denies the United States' Motion for Default Judgment (Doc. 14) without prejudice.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge
Presiding by Consent